### In re Paul Sebastian RUBERA, Sr., Debtor.

### Debi Rubera, Movant,

### v.

### Paul Sebastian Rubera, Sr., Respondent.

### No. 02–22247.

United States Bankruptcy Court, D. Connecticut.

Feb. 20, 2003.

James L. Buchal, Esq., Murphy & Buchal LLP, c/o Jonathan J. Klein, Esq., Bridgeport, CT, for Movant.

Irving D. Labovitz, Esq., Springfield, MA, for Respondent–Debtor.

### RULING ON MOTION FOR RELIEF FROM STAY

ROBERT L. KRECHEVSKY,
Bankruptcy Judge.

### I.

Paul Sebastian Rubera, Sr., the debtor, filed a Chapter 7 petition on August 1, 2002. Debi Rubera ("the movant"), the debtor's former wife, on October 25, 2002, filed a multi-count complaint against the debtor which, *inter alia,* sought a judgment of nondischargeability for certain obligations owed to the movant arising from a marital-dissolution judgment previously entered by an Oregon state court. In the present proceeding, the movant, pursuant to Bankruptcy Code § 362(d), requests relief from the automatic stay imposed by § 362(a) [1] in order to proceed in the Oregon state court for a determination that the debtor's obligations are nondischargeable under Bankruptcy Code § 523(a)(5) (providing that a debt to a former spouse for alimony, maintenance or support in connection with a divorce decree is not dischargeable). In addition, the movant re-

---

**1.** Section 362(a) provides that the filing of a bankruptcy petition "operates as a stay, applicable to all entities, of—(1) the commencement or continuation ... of a judicial ...

quests the automatic stay be modified to allow her to pursue her fraudulent conveyance action, commenced prepetition, against the debtor's present wife and others, pending in the U.S. District Court in Oregon.

The debtor opposes the motion, arguing that the movant, by filing the nondischargeability complaint in the bankruptcy court, has waived her right to proceed elsewhere on this issue. The debtor also contends that the pending fraudulent conveyance action is property of the debtor's estate and is, therefore, under the exclusive control of the Chapter 7 trustee.[2]

## II.

In an action which the debtor commenced, the Circuit Court of the State of Oregon for the County of Josephine, on October 8, 2001, entered as a "Final Judgment" its approval of a settlement between the debtor and the movant to implement the dissolution of their marriage by that court's decree of June 21, 2001. The Final Judgment provided that the movant receive from the debtor "an equalizing judgment in the amount of $6,000,000 less a credit of $456,799.20 for the personal and real property awarded to [the movant]." (Compl. Ex. A at 4–5.) On February 28, 2002, the Oregon court, after conducting a hearing at which the debtor and the movant appeared and testified, entered a "Judgment For Contempt," finding the debtor to be in "contempt of court," based, *inter alia,* on the debtor's "pattern of conduct intending to put assets beyond the reach of [the movant]." (Compl. Ex. B at 2–3.)

The debtor's bankruptcy petition, filed, as noted, on August 1, 2002, states that the debtor's present residence is in East Granby, Connecticut, where he has resided for the prior 180 days, or for a longer part of such 180 days than in any other District; he has no current income; he has between 200–999 creditors; after excluding exempt property and payment of administration expense, there will be no funds available to distribute to unsecured creditors; and from 1998–2001, he resided in Oregon. The debtor scheduled $13,571,221.85 in known liabilities.

The movant, by declaration; *see* 28 U.S.C. § 1746; states that forcing her to litigate her claims against the debtor in Connecticut would impose a substantial hardship on her and that her health problems are comparable to those asserted by the debtor. The debtor, in a related proceeding, submitted a doctor's affidavit averring that for the debtor to travel to Oregon would exacerbate the debtor's medical and psychiatric conditions.

## III.

### A.

The court concludes that the movant has established adequate cause for the court to modify the automatic stay to allow her to proceed in the Oregon state court for a determination of the dischargeability of that court's judgment in the marriage dissolution action. The Bankruptcy Code does not place exclusive jurisdiction in such matters in the bankruptcy court, and there is substantial authority that the state court that rendered the judgment may determine its dischargeability. *See e.g., In re Siragusa,* 27 F.3d 406, 408 (9th Cir.1994) ("While federal law controls the determination of whether a debt stemming from divorce is in the nature of alimony or

---

action ... against the debtor ...." Section 362(d) provides that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—(1) for cause ...."

**2.** The Chapter 7 trustee has not appeared in the proceeding.

a property settlement ... state and federal courts have concurrent jurisdiction to decide the issue.... [D]ivorce and alimony are exclusively matters of state law and the state courts are the appropriate forum in which to decide them"); *Waller v. Kriss (In re Kriss),* 217 B.R. 147, 158 (Bankr. S.D.N.Y.1998) ("When requested, relief from the automatic stay should be liberally granted in situations involving alimony, maintenance, or support in order to avoid entangling the federal court in family law matters best left to state court."). The debtor's contention, that the movant by filing her complaint in the bankruptcy court waived her right to seek relief from stay to proceed elsewhere, is unsupported and unpersuasive. *See e.g. Kriss,* 217 B.R. at 157 ("Debtor cites no support for his waiver argument and we know of none."). The court further notes that, although not addressed in either party's post-hearing memoranda, the debtor's bankruptcy petition indicates that the debtor has appeals pending in the Oregon matrimonial litigation. The debtor's medical condition does not rise to the level of defeating the movant's right to receive the requested relief from the automatic stay.

### B.

■ Under Second Circuit precedent, an estate's fraudulent conveyance cause of action does not qualify as property of the estate, but is subject to the automatic stay pursuant to Bankruptcy Code § 362(a)(1). *See In re Colonial Realty Co.,* 980 F.2d 125, 131 (2d Cir.1992) (stating that, while a fraudulent conveyance action is not property of the estate until there is a recovery, a third-party action to recover fraudulently transferred property is an attempt "to recover a claim against the debtor" and thus, is subject to the automatic stay). The movant seeks to continue the action she commenced on the ground that the estate trustee appears to be uninterested in pursuing this cause of action. The record

made does not support this contention, and the court denies the motion to the extent it seeks to permit the movant to take over such estate cause of action.

### IV.

### CONCLUSION

The motion for relief from stay is granted to the extent that the automatic stay is modified to permit the movant to proceed in the Oregon state court to final judgment with her assertion that the provisions in the Final Judgment rendered by the Oregon state court represent nondischargeable claims under Bankruptcy Code § 523(a)(5). The balance of the motion is denied. It is

SO ORDERED.